UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO GABRIEL HERNANDEZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-03727-DAD-JDP

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 9)

Petitioner Rodolfo Gabriel Hernandez is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 18, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 9.) Specifically, the magistrate judge found that petitioner's detention violates due process because his expired status pursuant to Deferred Action for Childhood Arrivals ("DACA") provides him a liberty interest in his continued freedom. (*Id.* at 3–5.) Due to petitioner's multiple law enforcement contacts, the findings and recommendations found that petitioner should be provided with a bond hearing. (*Id.* at 8.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within

seven (7) days after service. (*Id.* at 9.) On June 25, 2026, respondent filed objections to the pending findings and recommendations which are comprised of a single sentence stating that respondent objects for the same reasons presented in respondent's prior briefing. (Doc. No. 10 at 1.) These objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis to the extent that they conclude that petitioner's detention violates due process as a result of his expired DACA status. However, the court declines to adopt the findings and recommendations with respect to the recommended remedy.

The court has previously addressed the question of the appropriate remedy under very similar factual circumstances, as are presented in this case where a petitioner previously had status pursuant to DACA, the status has since expired, and petitioner has had multiple law enforcement contacts involving driving-related and/or misdemeanor offenses such as driving under the influence. *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *1 (E.D. Cal. Apr. 21, 2026). Pursuant to this court's prior reasoning in *Ramirez*, the court finds appropriate the "typical remedy" of release from detention. *Id.* at *3.

For the reasons explained above,

1. The findings and recommendations issued on June 18, 2026 (Doc. No. 9) are ADOPTED IN PART;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Rodolfo Gabriel Hernandez, A-File No. 207-816-402, from respondent's custody;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

3. The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE